**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

M.R., on behalf of himself and all others
similarly situated,

          Plaintiff                  No. 2:17-cv-11184-DPH-RSW

v.                                  HON. DENISE PAGE HOOD
                                   MAG. R. STEVEN WHALEN

NICK LYON, in his official capacity
Only as Executive Director of the
MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

          Defendant.

_____/

**PLAINTIFF AND CLASS COUNSEL'S MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

      Plaintiff M.R. and Class Counsel Dickinson Wright, PLLC for themselves and

on behalf of the certified class, pursuant to Fed. R. Civ. P. 23(h) and § 7 of the Class

Action Settlement and Release Agreement preliminarily approved by this Court, ask

this Court to approve attorneys' fees for Class Counsel and an Incentive Award for

Class Representative as agreed upon therein.

Defendant does not oppose the relief sought in this Motion. This Motion is supported by the attached brief in support and accompanying exhibits. Furthermore, this motion is filed on the timetable set by the Court's Order granting Plaintiff and Defendant's Joint Motion to Certify Class, Appoint Class Counsel, Approve Notice to Class Members, Grant Preliminary Approval of Proposed Class Action Settlement and Set Date for Fairness Hearing approved by the Court on May 29, 2018.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/ *Aaron V. Burrell*
Aaron V. Burrell (P73708)
*Attorneys for Plaintiff*
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500
Aburrell@dickinsonwright.com

Dated: June 15, 2018

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

M.R., on behalf of himself and all others
similarly situated,

        Plaintiff                    No. 2:17-cv-11184-DPH-RSW

v.                                HON. DENISE PAGE HOOD
                                   MAG. R. STEVEN WHALEN

NICK LYON, in his official capacity
Only as Executive Director of the
MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

        Defendant.
_____/

## BRIEF IN SUPPORT OF PLAINTIFF AND CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

# TABLE OF CONTENTS

ISSUE PRESENTED ................................................................................... ii

TABLE OF AUTHORITIES ..................................................................... iii

I.     INTRODUCTION ............................................................................1

II.    ARGUMENT....................................................................................3

    A.    An award of $199,000.00 in attorneys' fees is fair, objectively reasonable and appropriate in light of the results obtained on behalf of the class. 3

        1.    Attorneys' fees in this case should be awarded pursuant to the settlement agreement. ............................................................................3

    B.    Application of the *Ramey* factors supports the Fee Award..................5

        2.    The results achieved in this litigation are substantial. ...............6

        3.    The value of the services on an hourly basis supports the fee requested..............................................................................................8

        4.    The services were undertaken on a contingent fee basis. .........10

        5.    The fee requested provides adequate incentive to undertake this representation for the benefit of others. .............................................11

        6.    The complexity of the litigation supports the requested fees. ..13

        7.    The level of professional skill and standing of counsel involved on both sides was substantial. ...........................................................14

    C.    Class Representative should be compensated for the time and effort he expended for the benefit of the Class as a whole. ........................................15

III.   CONCLUSION...............................................................................16

## ISSUE PRESENTED

Whether the Court should approve payment of attorneys' fees to Class Counsel and an Incentive Award to Class Representative pursuant to the preliminarily approved Settlement Agreement and Fed. R. Civ. P. 23(h) where the Class Representative, with the assistance of Class Counsel, resolved this class action by obtaining a settlement that provides coverage for direct-acting antiviral treatment to all Eligible Michigan Medicaid beneficiaries diagnosed with chronic Hepatitis C?

Plaintiff answers: yes

Defendant answers: yes

This Court should answer: yes

# TABLE OF AUTHORITIES

**Cases**

*Auto Parts Antitrust Litig,* No. 2:12-CV-00203, 2017 WL 3525415, at *1
(E.D. Mich July 10, 2017) ................................................................8

*Barnes v. City of Cincinnati*, 401 F.3d 729 (6th Cir. 2005) ...................13

*Beverly Hills Fire Litig*, 639 F. Supp. 915 (E.D. Ky. 1986)...................13

*Bldg Serv Local 47 Cleaning Contractors Pension Plan v. Grandview
Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).....................................13

*Bowling v. Pfizer, Inc,* 102 F.3d 777, 780 (6th Cir. 1996) ......................10

*Cardizem CD Antitrust Litig*, 218 F.R.D. 508, 534 (E.D. Mich. 2003) ..... 15, 16, 19

*Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-cv-1119, 2011 WL
292008, (S.D. Ohio Jan 25, 2011) ......................................................15

*First Capital Holdings Corp Fin Prods Sec Litig*, 1992 WL 226321, at 4
(C.D. Cal. June 10, 1992*), appeal dismissed*, 33 F.3d 29 (9th Cir. 1994) .........19

*Gascho v. Glob. Fitness Holdings, LLC*, No. 2:11-CV-436, 2014 WL
1350509, at *32 (S.D. Ohio Apr. 4, 2014) .....................................7, 19

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).............................. 10, 13

*Huguley v. Gen. Motors Corp.*, 128 F.R.D. 81, 87 (E.D. Mich. 1989), *aff'd*,
925 F2d 1464 (6th Cir. 1991), and *aff'd*, 999 F.2d 142 (6th Cir. 1993)..............8

*Lonardo v. Travelers Indem Co.*, 706 F. Supp. 2d 766, 788 (N.D. Ohio
2010) ...........................................................................7, 14

*Marro v. New York State Teachers' Ret. Sys.,* No. 16-1821, 2017 WL
6398014 (6th Cir. 2017)...................................................................10

*Moulton v. U.S. Steel Corp.,* 581 F.3d 344, 352 (6th Cir. 2009) (quoting
*Rawlings,* 9 F.3d at 516))...........................................................9, 10

*New York State Teachers' Ret. Sys. v. Gen. Motors Co.,* 315 F.R.D. 226, 242
(E.D. Mich. 2016) ...................................................................... 10, 17

*Office & Prof'l Employees Int'l Union v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 311 F.R.D. 447, 459 (E.D. Mich. 2015) .................................................................................8

*Prandin Direct Purchaser Antitrust Litig.*, No. 2:10-CV-12141-AC-DAS, 2015 WL 1396473, at *2 (E.D. Mich. Jan. 20, 2015) ........................................17

*Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974).............10

*Rawlings v. Prudential-Bache Props*, 9 F.3d 513, 516 (6th Cir. 1993) ..... 7, 8, 9, 13

*Revco Securities Litig*, 142 F.R.D. 659 (N.D. Ohio 1992) ......................................14

*Sulzer*, 268 F. Supp. 2d 907, 938 (2003) ...............................................................13

*Telectronics*, 137 F. Supp. 2d 1029, 1043 (S.D. Ohio 2001) ........................... 15, 17

*Thornton v. E. Tex. Motor Freight*, 497 F.2d 416, 420 (6th Cir. 1974) ...................19

*Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 F. App'x 496, 498 (6th Cir. 2011) ...............................................................................................9, 12

**Other Authorities**

Title XIX of the Social Security Act, 42 U.S.C. § 1396.............................. 5, 15, 17

Fed. R. Civ. P. 23(h)…………………………...……………………………….6, 7, 8, 10

## I.   **INTRODUCTION**

Plaintiff M.R. ("Plaintiff" or "Class Representative") filed this putative class action in the United States District Court for the Eastern District of Michigan, Southern Division alleging that Defendant Nick Lyon, in his capacity as executive director of the Michigan Department of Health and Human Services ("Defendant"), violated several provisions of the Medical Assistance Program, Title XIX of the Social Security Act, 42 U.S.C. § 1396 by use of its current prior-authorization criteria for hepatitis C treatment (the "MDHHS prior-authorization criteria"). On January 17, 2018, Plaintiff's counsel, Defendant's counsel, and Defendant's corporate representatives participated in a formal mediation session with Magistrate Judge R. Steven Whalen. After several rounds of negotiations, the parties reached an agreement. Defendant has denied and continues to deny the claims alleged in this Action. Defendant maintains that it has a strong, meritorious defense to the claims alleged in the Action and was prepared to fully defend the Action. Nonetheless, given the uncertainty and risks inherent in litigation, as well as the inevitable delay of a result for class members whose lives hang in the balance, the parties have concluded that is desirable and beneficial to fully and finally settle this action upon the terms and conditions set forth in their Settlement Agreement.

A proposed settlement was preliminarily approved by this Court on May 29, 2018 (DE 31) (the "Settlement Agreement"). The Settlement Agreement is attached

1

hereto as **Exhibit A**. Among other things, the Settlement Agreement included provisions regarding attorneys' fees and an Incentive Award for the Class Representative. Pursuant to the Settlement Agreement, Plaintiff and his counsel Dickinson Wright, PLLC ("Class Counsel"), respectfully move for an award of attorneys' fees in the amount of one hundred ninety-nine thousand dollars ($199,000.00) (the "Fee Award") which is inclusive of all costs and expenses incurred in the above-captioned matter (the "Action"). Pursuant to the Settlement Agreement, Defendant will not oppose this request for a Fee Award that is in compliance with the amount stated therein. (*See* Ex. A, ¶ 7). Plaintiff and Class Counsel also request, pursuant to the Settlement Agreement, that this Court order an award of five thousand dollars ($5,000.00) to Class Representative for his time and effort litigating the Action and serving as Class Representative (the "Incentive Award"). *Id*.

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law **or by the parties' agreement**." Fed. R. Civ P. 23(h) (emphasis added). "A claim for an award must be made by motion under Rule 54(d)(2) ...." Fed. R. Civ. P. 23(h)(1). "Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." *Id.* Rule 54(d)(2) requires those claiming attorneys' fees to timely file a motion specifying the grounds entitling the movant to the award and

stating the amount sought. *Gascho v. Glob Fitness Holdings, LLC*, No 2:11-CV-436, 2014 WL 1350509, at *32 (S.D. Oh. Apr. 4, 2014).

Inasmuch as the requested fees and Incentive Award are objectively reasonable, appropriate, and agreed upon by both parties, Plaintiffs and Class Counsel respectfully request that they be approved in all respects.

## II.    ARGUMENT

### A. An award of $199,000.00 in attorneys' fees is fair, objectively reasonable and appropriate in light of the results obtained on behalf of the class.

#### 1. *Attorneys' fees in this case should be awarded pursuant to the settlement agreement.*

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law **or by the parties' agreement**." Fed. R. Civ. P. 23(h) (emphasis added). The Sixth Circuit has directed that it is the courts' affirmative responsibility to ensure "that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Rawlings v. Prudential-Bache Props*, 9 F.3d 513, 516 (6th Cir. 1993); *See also e.g.*, *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 788 (N.D. Ohio 2010). Indeed, the "[c]ourt has the discretion to select the appropriate method for calculating attorneys' fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them. *In re Auto Parts*

3

*Antitrust Litig, No* 2:12-CV-00203, 2017 WL 3525415, at *1 (E.D. Mich. July 10, 2017) (citing *Rawlings* 9 F.3d 513, 516 (6th Cir. 1993)). In *Office & Professional Employees International Union v International Union, et al*, this Court ruled that where an attorney-fee provision in a settlement agreement between the parties is reasonable, Rule 23(h) grants the Court authority to provide attorneys' fees consistent with that provision. *See e.g.*, *Office & Prof'l Employees Int'l Union v Int'l Union, United Auto, Aerospace & Agric Implement Workers of Am*, 311 F.R.D. 447, 459 (E.D. Mich. 2015) (citing Fed. R. Civ. P. 23(h)). Furthermore, this Court has ruled that where "the nature and extent of the legal services provided by plaintiff counsel and the costs expended were carefully considered," and "no written objections were filed regarding the amount of fees allotted by the consent decree to plaintiff counsel," the Court may approve the payment of fees and costs pursuant to a settlement agreement. *Huguley v. Gen Motors Corp*, 128 F.R.D. 81, 87 (E.D. Mich. 1989), *aff'd*, 925 F2d 1464 (6th Cir. 1991), and *aff'd*, 999 F.2d 142 (6th Cir. 1993).

The provisions of the Settlement Agreement regarding Class Counsel's fees and regarding the reimbursement of certain expenses incurred by Class Counsel are reasonable, considering the time and effort expended by Class Counsel in achieving this substantial result for the class and attest to the non-collusive nature of the negotiations. As such, the parties agree and request that

4

this Court grant attorney fees to Class Counsel in accordance with the Fee Award provision in the Settlement Agreement. Furthermore, this Court has already ordered that "appropriate notice regarding the proposed Settlement Agreement [which includes the attorneys' fees provision] and the Fairness Hearing is sufficient. The adequacy of the Notice has not been challenged." (Order Granting Joint Mot. to Certify Class, Appoint Class Counsel, Approve Notice to Class Members, Grant Preliminary Approval of Proposed Class Action Settlement and Set Date for Fairness Hearing, DE No. 31).

## B. Application of the *Ramey* factors supports the Fee Award.

It is well established that "[w]hen awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Rawlings,* 9 F.3d 513, 516 (6th Cir. 1993). "In general, there are two methods for calculating attorneys' fees: the lodestar and the percentage-of-the-fund." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.,* 436 *F. App'x* 496, 498 (6th Cir. 2011). A court must articulate the "reasons for adopting a particular methodology and the factors considered in arriving at the fee." *Moulton v. U.S. Steel Corp,* 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Rawlings,* 9 F.3d at 516)). Generally, the Sixth Circuit bases its explanation on the following factors:

> (1) the value of the benefit rendered to the plaintiff class;
> (2) the value of the services on an hourly basis; (3) whether

> the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

*Ramey v Cincinnati Enquirer, Inc ,* 508 F.2d 1188, 1196 (6th Cir. 1974); *New York State Teachers' Ret. Sys. v. Gen. Motors Co.,* 315 F.R.D. 226, 242 (E.D. Mich. 2016); *Marro v. New York State Teachers' Ret. Sys.,* No. 16-1821, 2017 WL 6398014 (6th Cir. 2017); *Moulton v. U.S. Steel Corp,* 581 F.3d 344, 352 (quoting *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir. 1996)).

Here, because Defendant agrees that Class Counsel is entitled to the Fee Award as provided in the Settlement Agreement and preliminarily approved by this Court, the parties do not believe that the Court need consider the *Ramey* factors, as Rule 23(h) permits the Court to award fees "authorized by ... the parties' agreement." Fed. R. Civ. P. 23(h). Still, the Fee Award is nevertheless warranted by all six *Ramey* factors.

### 2. The results achieved in this litigation are substantial.

Courts consistently acknowledge that the results achieved for the benefit of the class on whose behalf the action was brought is one of the most important factors to be considered in making a fee and expense award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (the "most critical factor is the degree of success obtained"). By all measures, the value of the benefit created for the

settlement class is substantial and fully supports the requested fee. Indeed, the Settlement Agreement provides a chance at survival and recovery for thousands of Medicaid enrollees.

Plaintiff brings this case because he, along with thousands of Medicaid-eligible individuals who are infected by the life-threatening, chronic Hepatitis C Virus, were being denied a cure the FDA has labeled a "breakthrough therapy." The disease is, in fact, the most deadly infectious disease in this country, killing more Americans than the next 60 infectious diseases combined. *See* Ashley Welch, *The Most Deadly Infectious Disease in America Today*, CBS News, May 4, 2016, at 1. Indeed, the treatment Defendant has agreed to provide to the class is the consensus medical standard of care in the United States because it is the only feasible cure for the disease. Because of Class Representative and Class Counsel's efforts, Defendant has agreed to replace the MDDHS Prior Authorization Criteria and to institute the Amended Prior Authorization Criteria to provide coverage for direct-acting antiviral treatment to all Eligible Michigan Medicaid beneficiaries diagnosed with chronic Hepatitis C. This result will provide this life-saving treatment to thousands of Michigan residents. Indeed, it is estimated that 160,000 Michigan residents have chronic hepatitis C, and that thousands of residents enrolled in Medicaid will benefit from this result. As such, it can hardly be disputed that Class

7

Representative and Class Counsel achieved success in negotiating this settlement.

### 3. *The value of the services on an hourly basis supports the fee requested.*

To date, Class Counsel has spent 896.3 hours prosecuting this litigation, and will spend further time from this point to conclusion. A summary of Billable Time and Rates is attached hereto as **Exhibit B**. The rates in the summary are the normal billable rates for each of Class Counsel's attorneys that have worked on this matter. The total amount of attorneys' fees based on this summary is $272,860.50, which does not include work performed by legal assistants and paralegals or other costs incurred during litigation. As such, the amount Class Counsel would normally charge for the work it performed is significantly more than $272,860.50. Even so, Class Counsel only requests the modest Fee Award of $199,000.00, which is inclusive of all costs and expenses incurred in the Action, as agreed upon in the Settlement Agreement. The Fee Award is substantially less than Class Counsel would normally receive for the legal services it provided.

Generally, when determining a reasonable amount for attorney fees, in the absence of a class fund, sixth circuit courts consider the lodestar figure. *Van Horn v. Nationwide Prop & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). To determine the "Lodestar" figure, a court multiplies the number of hours

reasonably expended on the litigation by a reasonable hourly rate. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). It is undisputed that the attorney rates listed in the attached summary are reasonable given Class Counsel's experience and skill in class action lawsuits. Using the rates provided in the summary, the lodestar multiplier for Fee Award would be less than 1.[1] This multiplier is even less than the typical range of multipliers commonly awarded by courts in the Sixth Circuit, and further demonstrates the reasonableness and fairness of Class Counsel's fee request – particularly in an area of law where plaintiffs are as likely to lose cases as win them, as noted herein. *See e.g. Barnes v. City of Cincinnati*, 401 F.3d 729

---

[1] The Lodestar standard is typically used in order to arrive at a reasonable rate and the calculation is as follows: (reasonable hours) x (reasonable professional rate) = Lodestar total. The Lodestar total is then divided by the total fee requested to determine the multiplier. The multiplier is normally used to account for inflation since the litigation began, poor or extraordinary results, or other factors that persuade a court to award a different fee amount than the value of hours x rate, where the multiplier would be 1. As the cases cited herein show, typical multipliers range from 1.75 – 5.0. We can use this rate to evaluate the reasonableness of Class Counsel's requested fee. Here, because there were several different attorneys with varying skill levels, Class Counsel used the actual rates and hours of each attorney, as provided in **Exhibit B**, to arrive at its calculation. (896.3 hours x various attorney billing rates listed in **Exhibit B** = **$272,860.50**). Then, to arrive at the multiplier, Class Counsel divided the amount it now requests in attorneys' fees by the actual total billed amount. ($199,000.00 requested fees / $272,860.50 total dollars billed = **0.7293**). Using the undisputed reasonable hours and rates listed in **Exhibit B**, the multiplier is **.07293** –far less than those approved in any of the above-mentioned cases.

(6th Cir. 2005) (upholding the use of multiplier of 1.75); *Rawlings*, 9 F.3d at 517 (applying a 2.0 multiplier given the modest results achieved); *In re Beverly Hills Fire Litig.*, 639 F. Supp. 915 (E.D. Ky. 1986) (the court applied a 5.0 multiplier); *In re Sulzer*, 268 F. Supp. 2d 907, 938 (2003) (court applied a multiplier of 2.4); *In re Revco Securities Litig*, 142 F.R.D. 659 (N.D. Ohio 1992) (court applied a 2.5 multiplier); *Manners v. Am. Gen. Life Ins. Co.*, Civil Action No. 3-98-0266, 1999 WL 33581944 (M.D. Tenn. Aug 10, 1999) (court approved a 3.8 multiplier).

Furthermore, in Class Counsel's experience, administering class settlements of this nature and size requires ongoing commitment, including, but not limited to, participating in the fairness hearing, distributing class notice, and overseeing the finalization of the claims process with the claims administrator. As such, Class Counsel's Fee Award is reasonable, modest, and should be granted pursuant to the Settlement Agreement.

### 4. *The services were undertaken on a contingent fee basis.*

When Class Counsel agreed to undertake this litigation, it did so on a contingent basis. Class Counsel advanced all costs and, as the fee agreements provide, had there been no recovery, Class Counsel would not have been paid a fee or reimbursement of their expenses. Class Counsel should be compensated for this risk. *Lonardo*, 706 F. Supp. 2d at 796 (fee award should account "for

the substantial risk an attorney takes when he or she devotes substantial time and energy to a class action despite the fact that it will be uncompensated if the case does not settle and is dismissed").

Class Counsel is comprised of attorneys with active and successful class action practices. The risks they undertook were real, and the resources that Class Counsel dedicated to this action meant that such resources were not available to other cases. Class Counsel's contingency risk, together with the excellent result that has been achieved on behalf of the class, supports the requested fees.

### 5. *The fee requested provides adequate incentive to undertake this representation for the benefit of others.*

"There is a public interest in ensuring that attorneys willing to represent clients in class action litigation are adequately paid so that they and others like them will continue to take on such cases." *Connectivity Sys. Inc. v. Nat'l City Bank,* No. 2:08-CV-1119, 2011 WL 292008, at \*14 (S.D. Ohio Jan. 26, 2011)*;* see also, *In re Cardizem CD Antitrust Litig*, 218 F.R.D. 508, 534 (E.D. Mich. 2003). Furthermore, Sixth Circuit courts have noted that "[a]ttorneys who take on class action matters serve a benefit to society and the judicial process by enabling claimants to pool their claims and resources to achieve a result they could not obtain alone." *In re Telectronics*, 137 F. Supp. 2d 1029, 1043 (S.D. Ohio 2001)). As such, "[a]dequate compensation is necessary to encourage attorneys to assume the risk of litigation in the public interest." *Connectivity Sys*

11

*Inc*, 2011 WL 292008, at *12 (citations omitted). Because society often places a premium when excellent results are achieved on behalf of those who otherwise would go unrepresented, Class Counsel's requested fee is appropriate. "Society's stake in rewarding attorneys who can produce such benefits in complex litigation such as in the case at bar counsels in favor of a generous fee . . . ." *In re Cardizem CD Antitrust Litig*, 218 F.R.D. 508, 534 (E.D. Mich. 2003).

This case concerns Medicaid recipients alleging violations of three separate provisions of the Medical Assistance Program, Title XIX of the Social Security Act, 42 U.S.C. §1396. The purpose of the program is to provide funding for medical and health-related services for persons with limited income. Adequate compensation for attorneys who protect those rights by taking on such litigation furthers the remedial purpose of these statutes. Otherwise, highly-skilled counsel would shy away from risky and expensive litigation (like this case) and Medicaid recipients and those similarly situated would have difficulty obtaining qualified counsel to ensure they receive healthcare they are legally entitled to. There can be no doubt the Settlement Agreement provides an excellent result for the settlement class, and, therefore, public policy supports approving Class Counsel's request for fees.

### 6. *The complexity of the litigation supports the requested fees.*

Certifying any class to afford statewide relief is a significant undertaking in terms of sophistication and risk. While certification was ultimately granted in this action, significant time and resources were expended by Class Counsel before that point, and there was no guarantee that certification would be approved. Furthermore, many Sixth Circuit opinions noted that class action lawsuit are "inherently complex." *In re Prandin Direct Purchaser Antitrust Litig*, No. 2:10-CV-12141-AC-DAS, 2015 WL 1396473, at *2 (E.D. Mich. Jan 20, 2015); *New York State Teachers' Ret. Sys.*, 315 F.R.D. 226, 241 (E.D. Mich. 2016)*; In re Telectronics Pacing Sys, Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001). This class action litigation in particular presented numerous factual and legal complexities, including but not limited to medical facts about the disease itself and the implications for those individuals not receiving treatment, the Metavir Fibrosis scoring system, agency recommendations such as those provided by the Centers for Medicare and Medicaid Services, certification of the class, and three separate provisions of the Medical Assistance Program, Title XIX of the Social Security Act. Further complicating this litigation was the fact that the parties needed to negotiate a policy change to make the class whole. The parties also had to spend significant time and effort drafting a Settlement Agreement that is amendable to both parties and provides the class with a policy

13

that preserves their rights to this necessary treatment.

### 7. *The level of professional skill and standing of counsel involved on both sides was substantial.*

Finally, the collective experience, reputation, standing, and professional skill of counsel for both parties should not be understated. Collectively, Class Counsel, Dickinson Wright, PLLC, has negotiated and recovered millions dollars in class actions throughout the country. Furthermore, Class Counsel's veteran class action attorneys have successfully represented hundreds of classes, in state and federal courts across the United States, giving it the experience and expertise to develop the best possible approach for each case.[2] Class Counsel lawyers regularly publish in leading industry publications on pertinent topics. Class Counsel also participates in all of the major class action bar organizations, giving it insights into developing trends and approaches used by other law firms in the defense of class actions. The fact that an agreement on the payment of legal fees and expenses was reached with defense counsel following lengthy

---

[2] Class Counsel's lead Michigan attorney, Aaron V. Burrell, is qualified to handle this matter. Mr. Burrell has experience litigating class action lawsuits. In addition to holding several leadership roles in multiple bar associations in the area, Mr. Burrell has been named an "Up and Coming Lawyer" by *Michigan Lawyers Weekly* and a "Rising Star" by *Michigan Super Lawyers*. He has also been named a fellow of both the American Bar Foundation and the Oakland County Bar Foundation. Mr. Burrell is the author of the Commercial Torts chapter of Torts: *Michigan Law and Practice* (ICLE 2016), a contributor to *Employment Discrimination Law* (BNA, 2015), and a co-author of the *Michigan Class Action Compendium* (Defense Research Institute).

negotiations should also be given weight, as the Fee Award was negotiated at arm's length with sophisticated defense counsel, who were, and are, intimately familiar with the case, the risks, the amount and value of their time and Class Counsel's time, and the nature of the results obtained by the class. *See e.g., In re First Capital Holdings Corp. Fin. Prods Sec. Litig*, 1992 WL 226321, at 4 (C.D. Cal. June 10, 1992*), appeal dismissed*, 33 F.3d 29 (9th Cir. 1994).

### C. Class Representative should be compensated for the time and effort he expended for the benefit of the Class as a whole.

It is common for courts to grant service payments to representative plaintiffs who have been able to effect substantial relief for a class. *Thornton v. E. Tex. Motor Freight*, 497 F.2d 416, 420 (6th Cir. 1974) ("[T]here is something to be said for rewarding those [plaintiffs] who protest and help to bring rights to [others]"); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 535 (noting that service payments "are common in class actions"). Sixth Circuit courts have often found that where an incentive award is "fair, reasonable, and properly based on the benefits to the class members generated by the litigation," such an award does not give preferential treatment to Class Representatives and should be granted. *Gascho v. Glob Fitness Holdings, LLC*, No. 2:11-CV-436, 2014 WL 1350509, at *26–27 (S.D. Ohio Apr 4, 2014), *aff'd*, 822 F3d 269 (6th Cir. 2016).

As stated above, the class members are receiving a substantial benefit by receiving access to a life-saving treatment that may save them from succumbing

to a life-threatening disease. Class Representative has assisted Class Counsel with requests for information and reviewed and provided input regarding the settlement. Furthermore, Class Representative's initiative, time, and effort were essential to the prosecution of the case and resulted in a significant recovery for the class. Therefore, Class Counsel requests that the Court approve the Incentive Award of $5,000.00 to the Class Representative in light of his efforts expended to prosecute this litigation fort the benefit of the class and because such an award is eminently reasonable and well supported by applicable case law.

### III.   CONCLUSION

For the foregoing reasons, Class Counsel respectfully requests that this Court issue an order (1) awarding attorneys' fees to Class Counsel in the amount of $199,000.00 as agreed upon in the preliminarily approved Settlement Agreement, and (2) awarding Class Representative a $5,000.00 Incentive award for his time and effort in litigating this matter.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/ *Aaron V. Burrell*
Aaron V. Burrell (P73708)
*Attorneys for Plaintiff*
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500

16

Aburrell@dickinsonwright.com

Dated: June 15, 2018

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically filed on **June 15, 2018**.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

/s/ *Aaron V. Burrell*
Aaron V. Burrell (P73708)

DETROIT 74785-1 1462788v4

17