**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

M.R., on behalf of himself and all others
similarly situated,

         Plaintiff                 No. 2:17-cv-11184-DPH-RSW

v.                             HON. DENISE PAGE HOOD
                                    MAG. R. STEVEN WHALEN

NICK LYON, in his official capacity
Only as Executive Director of the
MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

         Defendant.
_____/

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS**
**<u>SETTLEMENT</u>**

Plaintiff M.R. and Class Counsel Dickinson Wright, PLLC, for themselves

and on behalf of the certified class, hereby move for final approval of the Class

Action Settlement and Release Agreement preliminarily approved by this Court.

Defendant does not oppose the relief sought in this Motion. This Motion is supported

by the attached brief in support and accompanying exhibits. Furthermore, this

Motion is filed on the timetable set by the Court's Order granting Plaintiff and

Defendant's Joint Motion to Certify Class, Appoint Class Counsel, Approve Notice

to Class Members, Grant Preliminary Approval of Proposed Class Action Settlement

and Set Date for Fairness Hearing approved by the Court on May 29, 2018.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/ *Aaron V. Burrell*
Aaron V. Burrell (P73708)
J. Mylan Traylor (P82157)
*Attorneys for Plaintiff*
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500
Aburrell@dickinsonwright.com

Dated: August 15, 2018

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

M.R., on behalf of himself and all others
similarly situated,

          Plaintiff                      No. 2:17-cv-11184-DPH-RSW

v.                                  HON. DENISE PAGE HOOD
                                      MAG. R. STEVEN WHALEN

NICK LYON, in his official capacity
Only as Executive Director of the
MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

          Defendant.
_____/


## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

## **TABLE OF CONTENTS**

ISSUE PRESENTED ................................................................ ii

I.  INTRODUCTION ........................................................... 1

II.  BACKGROUND ............................................................. 2

III.  ARGUMENT ................................................................... 6

  A.  THE LEGAL STANDARDS FOR SETTLEMENT APPROVAL ...... 6

  B.  THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE AND ADEQUATE, AND FINAL APPROVAL IS WARRANTED .......... 10

    1.  The likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement supports final approval of the Settlement Agreement. ...................................... 10

    2.  The risk, length, and expense of further litigation strongly support final approval of the Settlement Agreement. ....................... 11

    3.  The judgment of experienced counsel supports approval of the Settlement Agreement. ............................................................ 12

    4.  The Settlement is based on adequate information, discovery, and evidence. ................................................................................. 13

    5.  The Settlement is fair to absent Class Members, and the sole objection to the Settlement is unfounded. ............................................. 14

    6.  The Settlement was the product of arm's-length negotiations. ...... 16

    7.  The Settlement is in the public interest. ................................. 18

IV.  CONCLUSION ................................................................ 18

i

## <u>ISSUE PRESENTED</u>

Whether the Court should grant final approval of the Class Settlement Agreement, which the Court preliminarily approved on May 29, 2018 (DE 31), where it was entered into after significant and informed arm's-length negotiations and provides substantial benefits to the Class given the risks of litigation?

Plaintiff answers: yes

Defendant answers: yes

This Court should answer: yes

# TABLE OF AUTHORITIES

## Cases

*Armstrong v. Bd. Of Sch. Dirs. Of City of Milwaukee*, 616 F.2d
    305 (7th Cir. 1980)...................................................................... 7

*Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.,* 211 F.R.D. 457
    (S.D. Fla. 2002) ..................................................................... 8, 13

*Berry v. Sch. Dist. Of City of Benton Harbor*, 184 F.R.D. 93
    (W.D. Mich. 1998).................................................................. *passim*

*Bittinger v. Tecumseh Prods.*, 201 F.3d 440 (6th Cir. 1999), (*per curiam*)
    *aff'g* 83 F. Supp. 2d 851 (E.D. Mich. 1998)............................................ 11

*Bowling v. Pfizer, Inc.*, 143 F.R.D. 141 (S.D. Ohio 1992) ............................... 17

*Carson v. Am Brands, Inc.,* 450 U.S. 79 (1981) .............................................. 10, 11

*City of Detroit v. Grinnel Corp.*, 495 F.2d 448 (2d Cir. 1974) ........................ 7

*Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am,*
    *AFL-CIO,* 803 F2d 878 (6th Cir. 1986)................................................... 6, 7, 8

*Cotton v. Hinton,* 559 F.2d 1326 (5th Cir. 1977)........................................... 8, 12, 13

*Depoister v. Mary M. Holloway Found.,* 36 F.3d 582
    (7th Cir. 1994)........................................................................ 8

*Detroit Police Officers Ass'n v. Young*, 920 F. Supp. 755
    (E.D. Mich. 1995).................................................................... 8

*Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D.
    240 (S.D. Ohio 1991) .............................................................. 10

*Epstein v. Wittig,* 2005 WL 3276390 (D. Kan. Dec. 2, 2005)......................... 13

*Fisher Bros. v. Cambridge-Lee Indus.,* 630 F.Supp. 482
    (E.D. Pa 1985) ....................................................................... 7

*Frank v. Eastman Kodak Co.,* 228 F.R.D. 174 (W.D.N.Y. 2005)................... 7

*Fussell v. Wilkinson,* 2005 WL 3132321 (S.D. Ohio Nov. 22, 2005).............. 10

*Gascho v. Glob Fitness Holdings, LLC*, 2014 WL 1350509
    (S.D. Ohio Apr. 4, 2014) *aff'd.* 822 F.3d 269 (6th Cir. 2016) ............... 15

*Granada Invs., Inc. v. DWG Corp.,*  962 F.2d 1203 (6th Cir. 1992)................ 17

*In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508 (E.D. Mich. 2003).......... 9, 16, 18

*In re Cincinnati Policing,* 209 F.R.D. 395 (D. Colo. 1974) ............................ 9, 12

*In re Corrugated Container Antitrust Litig. (II),* 659 F.2d 1322
    (5th Cir. 1981)........................................................................ 7

*In re Domestic Air Transp. Antitrust Litig.,* 148 F.R.D. 297
    (N.D. Ga. 1993) ..................................................................... 7

*In re Gen. Tire & Rubber Co.. Sec. Litig.,* 726 F.2d 1075
    (6th Cir. 1984)........................................................................ 10

*In re Jiffy Lube Sec. Litig.,* 927 F.2d 155 (4th Cir. 1991)................................. 13

*In re S. Ohio Corr. Facility*, 173 F.R.D. ......................................................... 6

*In re Rio Hair*, 1996 WL 780512 (E.D. Mich. Dec. 20, 1996) ....................... 13, 17

*Int'l Union, UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ........... 10

*Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.
    Chrysler LLC,* 2008 WL 2980046 (E.D. Mich. July 31, 2008) ............. 15

*Lasalle Town Houses Coop. Ass'n. v. City of Detroit*, WL 1223354
    (E.D. Mich. Mar. 29, 2016) ................................................... 17

*Lazy Oil Co. v. Witco Corp.,* 95 F. Supp. 2d 290 (W.D. Pa 1997) (*aff'd,*
    166 F.3d 581 (3d Cir. 1999) ................................................. 8

*Newby v. Enron Corp.*, 394 F.3d 296 (5th Cir. 2004) ....................................... 13

*Newman v. Stein*, 464 F.2d 689 (2d Cir. 1972).................................................. 7

*Oppenlander v. Standard Oil Co.*, 64 F.R.D. 597
    (D. Colo. 1974) ...................................................................................... 9

*Petrovic v. Amoco Oil Co.,* 200 F.3d 1140 (8th Cir. 1999) .............................. 10

*Robinson v. Ford Motor Co.*, 2005 WL 5253339.............................................. 10

*Sprague v. Gen. Motors. Corp.,* 133 F.3d 388 (6th Cir. 1998)......................... 11

*Steiner v. Fruehauf Corp.*, 121 F.R.D. 304 (E.D. Mich. 1988)....................... 6, 7

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.2d 559
    (6th Cir. 2001)....................................................................................... 8

*Thornton v. E. Tex. Motor Freight*, 497 F.2d 416 (6th Cir. 1974) ................... 14

*UAW v. General Motors Corp.,* 2006 WL 891151 (E.D. Mich.
    March 31, 2006)............................................................................ *passim*

*United States v. Oregon,* 913 F.2d 576 (9th Cir. 1990).................................... 8

*Williams v. Vukovich,* 720 F.2d 909 (6th Cir. 1983) ........................................ 10

**Statutes**

42 U.S.C. § 1396........................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ....................................................................................... 2, 3

**Other**

4 Newberg on Class Actions § 11:45................................................................. 13

7B Charles A. Wright, Arthur R. Miller & Mary K. Kane,

*Federal Practice & Procedure* § 1797 (2008) ...................................... 7

Manual For Complex Litigation § 21.643 (4th ed. 2004).................................. 16

## I.   <u>INTRODUCTION</u>

Plaintiff M.R. ("Plaintiff" or "Class Representative") filed this putative class action in the United States District Court for the Eastern District of Michigan, Southern Division alleging that Defendant Nick Lyon, in his capacity as executive director of the Michigan Department of Health and Human Services ("Defendant"), violated several provisions of the Medical Assistance Program, Title XIX of the Social Security Act, 42 U.S.C. § 1396 by use of its current prior-authorization criteria for hepatitis C treatment (the "MDHHS prior-authorization criteria"). Compl. ¶¶ 65–77. On January 17, 2018, Plaintiff's counsel, Defendant's counsel, and Defendant's corporate representatives participated in a formal mediation session with Magistrate Judge R. Steven Whalen. After several rounds of negotiations, the parties reached an agreement. Defendant has denied and continues to deny the claims alleged in this Action. Defendant maintains that it has a strong, meritorious defense to the claims alleged in the Action and was prepared to fully defend the Action. Nonetheless, given the uncertainty and risks inherent in litigation, as well as the inevitable delay of a result for class members whose lives hang in the balance, the parties have concluded that is desirable and beneficial to fully and finally settle this action upon the terms and conditions set forth in their Settlement Agreement.

A proposed settlement was preliminarily approved by this Court on May 29,

1

2018 (DE 31) (the "Settlement Agreement"). The Settlement Agreement is attached hereto as **Exhibit A**.

Inasmuch as the Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), Plaintiff and Class Counsel respectfully request that the Settlement Agreement be approved in all respects.

## II.   BACKGROUND

On April 14, 2017, Plaintiff filed this putative class action in the United States District Court for the Eastern District of Michigan, Southern Division captioned J.V. on behalf of herself and all others similarly situated v. Nick Lyon, in his official capacity only as executive director of the Michigan Department of Health and Human Services, Case No.: 2:17-cv-11184- DPH-RSW (the "Action"). The complaint alleged that Defendant's current prior-authorization criteria for Hepatitis C treatment (the "MDHHS Prior Authorization Criteria") violates three separate provisions of the Medical Assistance Program, Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq. by: (1) excluding qualified Medicaid recipients from "medically necessary" treatment as required by 42 U.S.C. § 1396a(a)(10)(A); (2) discriminating among similarly situated Medicaid recipients in violation of 42 U.S.C. § 1396a(a)(10)(B); and (3) failing to provide medically necessary treatment with "reasonable promptness" as required by 42 U.S.C. § 1396a(a)(8). Compl. ¶¶ 65–77.

2

In or around October 2017, the parties began to discuss the possibility of settlement and agreed to resolve the matter through mediation. On January 17, 2018, Plaintiff's counsel, Defendant's counsel, and Defendant's corporate representatives participated in a formal mediation session with Magistrate Judge R. Steven Whalen. After several rounds of negotiations, the parties reached an agreement as to the principal terms of the Settlement Agreement, attached hereto as **Exhibit A**.

Defendant has denied and continues to deny the claims alleged in the Action. Defendant maintains that it has strong, meritorious defenses to the claims alleged in the Action and was prepared to fully defend the Action. Nonetheless, taking into account the uncertainty and risks inherent in litigation, Defendant has concluded that it is desirable and beneficial to Defendant that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

Plaintiff believes that the claims asserted in the Action against Defendant have merit, and that Plaintiff would have ultimately been successful in certifying the proposed class under Fed. R. Civ. P. 23 and in prevailing on the merits at summary judgment or trial. Nonetheless, Plaintiff and Class Counsel recognize the expense and delay associated with continued prosecution of the Action against Defendant. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved pursuant to the terms and conditions set

forth in the Settlement Agreement. The terms of the Settlement Agreement include but are not limited to the following:

- Defendant agrees to replace the MDDHS Prior Authorization Criteria and institute the Amended Prior Authorization Criteria to provide coverage for direct-acting antiviral treatment to all Eligible Michigan Medicaid beneficiaries diagnosed with chronic Hepatitis C.
- Defendant agrees to expand direct-acting antiviral treatment coverage to all Eligible Michigan Medicaid beneficiaries diagnosed with chronic Hepatitis C based on the following schedule:
  o Defendant will provide coverage for all eligible beneficiaries with a metavir fibrosis score of F-1 and above on October 1, 2018 and
  o Defendant will provide coverage for all beneficiaries with a metarvir fibrosis score of F-0 an above on October 1, 2019.
- The Amended Prior Authorization Criteria will include, but is not limited to, the following provisions:
  o The direct-acting antiviral medication must be prescribed by a gastroenterologist, hepatologist, liver transplant or infectious disease physician. If the prescribing provider is not one of the identified specialists noted, the prescriber must submit documentation of consultation/collaboration of the specific case with one of the aforementioned specialists which reflects discussion of the history and agreement with the plan of care with the date noted in the progress note.
  o Documentation of the patient's use of Illegal Drugs or abuse of alcohol must be noted (i.e., current abuse of IV drugs or alcohol or abuse within the past 6 months). The Michigan Department of Health and Human Services will consider this information for the sole purpose of optimizing treatment.
  o Documentation of the patient's commitment to the planned course of treatment and monitoring (including SVR 12) as well as patient education addressing ways to reduce the risks for reinfection must be submitted.
  o Defendant reserves the right to revise the Amended Prior Authorization Criteria and Claim Form to incorporate updated clinical recommendations or other best practices, consistent with this Agreement.
- Defendant agrees to provide coverage for direct-acting antiviral

medications that are (i) approved by the U.S. Food and Drug Administration for the treatment of chronic Hepatitis C; (ii) have a federal Medicaid rebate; and (iii) are listed on Defendant's Preferred Drug List as preferred at the time the beneficiary is approved for treatment.

- If a direct-acting antiviral medication is no longer approved by the U.S. Food and Drug Administration for the treatment of chronic Hepatitis C or no longer on Defendant's Preferred Drug List, it will no longer be covered.

On May 29, 2018, the Court issued an Order granting the parties' Joint Motion to Certify Class, Appoint Class Counsel, Approve Notice to Class Members, Grant Preliminary Approval of Class Action Settlement and Set Date for Fairness Hearing (DE 31). Pursuant to the schedule laid out in that Motion, Plaintiff now submits this motion for final approval of the Settlement Agreement.

On June 15, 2018, Defendant forwarded notices to the Class informing Class Members of the impending settlement. Immediately following this mailing, Class counsel received a large number of phone calls and letters inquiring as to the details of the settlement and expressing enthusiastic support.   On July 3, 2018, Kirk Leaphart filed the sole substantive objection to the settlement, arguing, among other things, that the complaint was defective against the Defendant as a governmental entity, he and others who administratively appealed a prior denial should receive financial remuneration, and the fees requested were excessive.  (DE 39).

On August 8, 2018, the Court held a hearing on Class Counsel's Motion for an Award of Attorney's Fees and Reimbursement of Expenses and a Fairness

5

Hearing (DE 37).  Mr. Leaphart appeared for the hearing.  Both Class Counsel and Defendant's counsel offered rebuttals to Mr. Leaphart's objections.  At the conclusion of the hearing, the Court indicated that it would take the matter under advisement.  Plaintiff M.R. and the certified class now submit this settlement to the Court for final approval.

### III.   ARGUMENT

### A. THE LEGAL STANDARDS FOR SETTLEMENT APPROVAL

The law favors the voluntary settlement of class action litigation. *UAW v. General Motors Corp.*, 2006 WL 891151, at *12 (E.D. Mich. March 31, 2006). *See also Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am.*, AFL-CIO, 803 F.2d 878, 880 (6th Cir. 1986) (per curiam); *Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998). Once the district court has granted preliminary approval to a settlement, as here, "an individual who objects has a heavy burden of proving the settlement is unreasonable." *In re S. Ohio Corr. Facility*, 173 F.R.D. at 211; *see also UAW v. General Motors Corp.*, 2006 WL 891151, at *13. In reviewing a class action settlement, the role of the district court is "limited to a determination of whether the terms proposed are fair and reasonable to those affected." *Steiner v. Fruehauf Corp.*, 121 F.R.D. 304, 305 (E.D. Mich. 1988). Settlement embodies "a bargained give and take between the litigants that is presumptively valid," *Berry*, 184 F.R.D. at 97, about which "[t]he Court should not

substitute its judgment for that of the parties." *Steiner v. Fruehauf Crop.*, 121 F.R.D. 304, 306 (E.D. Mich. 1988). Further, the Court should not decide the merits of the dispute. *See UAW v. General Motors Corp.*, 2006 WL 891151, at *14; *Clark Equip. Co.*, 803 F.2d at 880; *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974). Nor should the Court engage in the "detailed and thorough investigation that it would undertake if it were actually trying the case," *Berry*, 184 F.R.D. at 98 (quoting *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 315 (7th Cir. 1980) (citation omitted)), since the "whole purpose behind a compromise is to avoid a trial." 7B Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 1797.5 (2008).

"In assessing the settlement, the Court must determine 'whether it falls within the range of reasonableness, not whether it is the most favorable possible result in the litigation.*" In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 319 (N.D. Ga. 1993) (quoting *Fisher Bros. v. Cambridge-Lee Indus.*, 630 F. Supp. 482, 489 (E.D. Pa. 1985)).  An appropriate range of reasonableness recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.*" Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). Under this standard, "[a] just result is often no more than an arbitrary point between competing notions of reasonableness." *In re*

*Corrugated Container Antitrust Litig. (II)*, 659 F.2d 1322, 1325 (5th Cir. 1981); *see Lazy Oil Co. v. Witco Corp.*, 95 F. Supp. 2d 290, 338 (W.D. Pa. 1997) *aff'd*, 166 F.3d 581 (3d Cir. 1999).

Approval of a class action settlement is committed to the discretion of the district court. *Clark Equip. Co.*, 803 F.2d at 880; *Detroit Police Officers Ass'n v. Young*, 920 F. Supp. 755, 761 (E.D. Mich. 1995). In exercising that discretion, the court "may limit the fairness hearing 'to whatever is necessary to aid it in reaching an informed, just and reasoned decision." *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 567 (6th Cir. 2001) (quoting *United States v. Oregon*, 913 F.2d 576, 582 (9th Cir. 1990)). The Court may consider briefs, declarations, and the arguments of counsel, and need not conduct an evidentiary hearing. *See e.g. Grier*, 262 F.3d at 567 (rejecting the suggestion that "the fairness hearing must entail the entire panoply of protections afforded by a full-blown trial on the merits"); *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994) ("there is no requirement that an evidentiary hearing be conducted as a precondition to approving a settlement in a class action suit"). "Even when the Court becomes aware of one or more objecting parties, the Court ... may limit its proceeding to whatever is necessary to aid it in reaching an informed, just and reasoned decision." *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 467 (S.D. Fla. 2002) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also UAW v. General Motors*

*Corp.*, 2006 WL 891151, at *14.

In reaching the settlement here, the parties recognized the risks and uncertainties inherent in litigation. Although Plaintiff and Defendant disagree on the merits of their dispute, the parties recognize that the prospect of "a long, arduous [trial] requiring great expenditures of time and money on behalf of both the parties and the court" weighs in favor of settlement. *In re Cincinnati Policing*, 209 F.R.D. 395, 400 (S.D. Ohio 2002); *see Oppenlander v. Standard Oil Co.*, 64 F.R.D. 597, 624 (D. Colo. 1974) ("[T]he Court should ... compare the significance of immediate recovery ... to the mere possibility of relief in the future, after protracted and expensive litigation.").

Factors relevant to the court's evaluation of the fairness of the settlement are: (a) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered; (e) whether the settlement is fair to the unnamed class members; (f) objections raised by class members; (g) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (h) whether the settlement is consistent with the public interest. *UAW v. General Motors Corp.*, 2006 WL 891151, at *14*; In re Cardizem CD Antitrust Litig.*, 218 F.R.D.

508, 522 (E.D. Mich. 2003); *see also, e.g., Berry*, 184 F.R.D. at 98. Where the Court has already granted preliminary approval, as it did in this case, "the settlement is presumptively reasonable, and an individual who objects has a heavy burden of proving the settlement is unreasonable." *Robinson v. Ford Motor Co.*, 2005 WL 5253339, at *3 (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)); *Fussell v. Wilkinson*, No. 1:03-CV-704, 2005 WL 3132321, at *3 (S.D. Ohio Nov. 22, 2005); *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 246 (S.D. Ohio 1991). Under these standards, the parties' settlement here is fair, reasonable and adequate, and final approval is warranted.

### B. THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE AND ADEQUATE, AND FINAL APPROVAL IS WARRANTED

#### 1. *The likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement supports final approval of the Settlement Agreement.*

According to the Sixth Circuit, "[t]he fairness of each settlement turns in large part on the bona fides of the parties' legal dispute." *Int'l Union, UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). This inquiry requires the court to "'weigh the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement.'" *Id.* (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)); *see In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999). In assessing the relative risk and benefits of the settlement, the court must

not, however, "decide the merits of the case or resolve unsettled legal questions[.]" *Carson*, 450 U.S. at 88 n.14. The question rather is whether the parties are using settlement to resolve a legitimate legal and factual disagreement. *Id*. As the record indicates, the parties both believe that they have legitimate claims and could prevail on the merits of their respective positions. Both parties are aware that regardless of how strongly they believe in the merits of their respective positions, the outcome would be subject to the inherent uncertainties of litigation. As such, there is a legitimate and bona fide disagreement that makes settlement of the parties' dispute entirely proper. Finally, and independent of the relative merits of the parties' factual and legal arguments, Plaintiff and the Class have ample reason to control the resolution of this dispute through negotiation sooner than later as many Class members need this life-saving medication as soon as possible.

### 2. The risk, length, and expense of further litigation strongly support final approval of the Settlement Agreement.

Complex litigation of this sort is costly and time-consuming, as demonstrated by previous class action lawsuits in this circuit. See, e.g., *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 402 (6th Cir. 1998) (in suit challenging GM's modification of salaried retirees' benefits, GM prevailed after ten years of litigation, including a trial and a hearing); *Bittinger v. Tecumseh Prods.*, 201 F.3d 440 (6th Cir. 1999) (*per curiam*), *aff'g* 83 F. Supp. 2d 851 (E.D. Mich. 1998) (litigation resolved in favor of employer after more than eight years of litigation). The obvious costs and

uncertainty of such lengthy and complex litigation weigh in favor of settlement. *See In re Cincinnati Policing*, 209 F.R.D. 395, 400 (S.D. Ohio 2002) ("the trial of this class action would be a long, arduous process requiring great expenditures of time and money on behalf of both the parties and the court.... [That] prospect ... clearly counsels in favor of settlement.") (internal quotations and citations omitted). Similarly, in this case, the delay necessary to litigate the parties' dispute benefits no one.

### 3. *The judgment of experienced counsel supports approval of the Settlement Agreement.*

The endorsement of the parties' counsel is entitled to significant weight and supports the fairness of the class settlement: "It is ... well recognized that the court should defer to the judgment of experienced counsel who has competently evaluated the strength of the proofs." *UAW v. General Motors Corp.*, 2006 WL 891151, at *18; see also *Cotton v. Hinton*, 559 F.2d 1326, 1329 (5th Cir. 1977) ("the trial court is entitled to rely upon the judgment of experienced counsel for the parties"); *Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 104 (W.D. Mich. 1998) ("the court generally will give deference to plaintiffs' counsel's determination to settle a case").

Here, counsel for all parties are reputable practitioners and trial counsel experienced in complex class action litigation. Counsel for both parties have spent significant time analyzing, negotiating, discussing, and arguing over this case and

settlement. Thus, under the law, the parties' respective counsels' collective judgment in favor of the Settlement Agreement is entitled to considerable weight. *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 467 (S.D. Fla. 2002) ("the Court must rely upon the judgment of experienced counsel and, absent fraud, 'should be hesitant to substitute its own judgment for that of counsel'") (citation omitted).

### 4. The Settlement is based on adequate information, discovery, and evidence.

It is axiomatic that in order to evaluate a proposed settlement, the court need not possess sufficient "evidence to decide the merits of the issue, because the compromise is proposed in order to avoid further litigation." 4 Newberg on Class Actions § 11:45; *In re Rio Hair*, 1996 WL 780512, at *13 (E.D. Mich. Dec. 20, 1996). Instead, the district judge need only have "sufficient facts before him to intelligently approve or disapprove the settlement." *Epstein v. Wittig*, No. 03-4081-JAR, 2005 WL 3276390, at *7 (D. Kan. Dec. 2, 2005) (internal quotation omitted). In this regard, the absence of formal discovery is not unusual or problematic, so long as the parties and the court have adequate information in order to evaluate the relative positions of the parties. See *Newby v. Enron Corp.*, 394 F.3d 296, 306 (5th Cir. 2004) ("Formal discovery [is not] a necessary ticket to the bargaining table.") (internal quotation and citation omitted); *See Cotton*, 559 F.2d at 1332 (upholding settlement despite fact that little formal discovery had been conducted); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991) ("documents filed by plaintiffs

and evidence obtained through informal discovery yielded sufficient undisputed facts" to evaluate the settlement).

There was significant information available to the parties to negotiate their compromise, and there is more than an adequate basis and evidentiary record on which the Court can assess the parties' agreement. As such, parties and the Court have been supplied with adequate information regarding the policy at issue, the treatment itself, and the position of the Class Members to make an informed decision regarding the terms of settlement.

### 5. *The Settlement is fair to absent Class Members, and the sole objection to the Settlement is unfounded.*

The Class is cohesive, and the Settlement Agreement affects similarly-situated class members the same. Under the terms of the settlement, the Class Representative would receive a small payment in the amount of $5,000.00. Such a payment is appropriate as it is well established that a class representative may be entitled to a fee award for his time and expense incurred in bringing a class action. *Thornton v. E. Tex. Motor Freight*, 497 F.2d 416, 420 (6th Cir. 1974) ("[T]here is something to be said for rewarding those [plaintiffs] who protest and help to bring rights to [others]"). Sixth Circuit courts have often found that where an incentive award is "fair, reasonable, and properly based on the benefits to the class members generated by the litigation," such an award does not give preferential treatment to Class Representatives and should be granted. *Gascho v. Glob Fitness Holdings,*

14

*LLC*, No. 2:11-CV-436, 2014 WL 1350509, at *26–27 (S.D. Ohio Apr 4, 2014), *aff'd*, 822 F3d 269 (6th Cir. 2016).

As stated above, the class members are receiving a substantial benefit by receiving access to a life-saving treatment that may save them from succumbing to a life-threatening disease. Out of the over 1,200 individuals to receive the notice, only one individual objected. In this case, the Class overwhelmingly supports the Settlement. The sole objection (DE 39) is without merit, and both parties provided arguments in response at the fairness hearing on August 8, 2018.  Specifically, counsel argued that, for the reasons noted in Plaintiff's response to the Defendant's Motion to Dismiss (DE 19), Plaintiff properly brought this case against the Defendant; concerns relative to the administrative appeal process and the ability to change plans under Medicaid are beyond the scope of this action; and both the fees and incentive award requested are appropriate under Sixth Circuit precedent.

"A court should not withhold approval of a settlement merely because some class members object." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Chrysler LLC*, No. 07-CV-14310, 2008 WL 2980046, at *29 (E.D. Mich. July 31, 2008); 7B Wright, et al., Federal Practice & Procedure § 1797.1 ("the fact that there is opposition does not necessitate disapproval of the settlement"). This is because even though the court must evaluate any objections, it "has an obligation to protect the interests of the silent class majority, despite vociferous opposition by

15

a vocal minority to the settlement." *Id*.; *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."). *See also* Manual For Complex Litigation § 21.643 (4th ed. 2004) ("Unless a number of class members raise similar objections, individual objectors rarely provide much information about the overall reasonableness of the settlement.").

Furthermore, numerous Class Members inquiring about the terms of the Settlement have been extremely pleased with the current Agreement. Indeed, one Class Member, Patricia Kelly even submitted a letter in which she stated, "I'm so happy that the Plaintiff in this Class Action lawsuit stepped forward and took it upon [himself] to help. I was beginning to lose hope that eventually something would finally change with this major drug we all need to be cured…" (DE 40). Considering the overwhelming support for the settlement among class members, and in the absence of any meritorious objections, the settlement is fair, reasonable and adequate, and should be approved.

### 6. *The Settlement was the product of arm's-length negotiations.*

According to the Sixth Circuit, the district court should presume the absence of fraud or collusion unless there is evidence to the contrary. *Lasalle Town Houses Coop. Ass'n v. City of Detroit*, No. 4:12-CV-13747, 2016 WL 1223354, at *8 (E.D. Mich. Mar. 29, 2016). Courts customarily demand evidence of improper incentives

for the class representative or class counsel before abandoning the presumption that the class representative and counsel handled their responsibilities with the independent vigor that the adversarial process demands. *In re Rio Hair Naturalizer Prods. Liab. Litig.*, MDL No. 1055, 1996 WL 780512, at *14 (E.D. Mich. Dec. 20, 1996) ("Courts respect the integrity of and presume good faith in the absence of fraud or collusion in settlement negotiations, unless someone offers evidence to the contrary"); *see also Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) ("Absent evidence of fraud or collusion, such settlements are not to be trifled with.") (citation omitted).

Here, as the Court is aware, there is an ongoing adversarial relationship between the Defendant and Plaintiff and the Class on the question of whether the MDHHS Policy, which denies coverage of DAA treatment based on metavir fibrosis score, violates the Medicaid Act. The Settlement was the result of comprehensive and extensive negotiations. Class counsel were provided full access to all relevant information and undertook their own independent review and analysis of the relevant issues and the possibility of settlement. Moreover, if the settlement agreement itself is fair, reasonable and adequate, the Court may assume that the negotiations were proper and free of collusion. *Bowling v. Pfizer, Inc.*, 143 F.R.D. 141, 152 (S.D. Ohio 1992) ("In essence, under this test, if the terms of the proposed settlement are fair, then the court may assume the negotiations were proper.").

### 7. *The Settlement is in the public interest.*

The settlement benefits both of the Class Members and Defendant, and simultaneously serves the public interest by achieving certainty for parties. Beyond that, the Settlement Agreement provides life-saving medication for thousands of Medicaid Recipients. The public interest is also served by resolving disputes in federal courts with efficiency and expediency, aiding in judicial economy. *See Cardizem*, 218 F.R.D. at 530 (citations omitted) ("[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources."). Therefore, the public interest factor, too, favors approval of the settlement.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant final approval of the Settlement Agreement. The record confirms that the Settlement Agreement is the result of hard-fought, arm's-length negotiations conducted after an extensive investigation and analysis of the relevant information. Given the risks of continued litigation, the absence of meaningful objections, and the significant benefits provided to the Class, the settlement is fair, reasonable, and adequate and Plaintiff respectfully requests that it be approved.

DICKINSON WRIGHT PLLC

By: /s/ *Aaron V. Burrell*
Aaron V. Burrell (P73708)
J. Mylan Traylor (P82157)
*Attorneys for Plaintiff*
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500
Aburrell@dickinsonwright.com

Dated: August 15, 2018

---

### PROOF OF SERVICE

I hereby certify that on August 15, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

*/s/ Aaron V. Burrell (P73708)*
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
aburrell@dickinsonwright.com

---

DETROIT 74785-1 1470997v1