UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M.R., on behalf of herself and all
others similarly situated,[1]

    Plaintiff,    CASE NO. 17-11184
             HON. DENISE PAGE HOOD

v.

NICK LYON, in his official capacity
only as Executive Director of the
Michigan Department of Health and
Human Services,

    Defendant.
_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND ADDRESSING OBJECTIONS

**I. BACKGROUND**

On August 15, 2018, Plaintiff M.R. and Class Counsel Dickinson Wright, PLLC, for themselves and on behalf of the certified class, moved for final approval of the class action settlement and Release Agreement. The Court granted Preliminary Approval on May 29, 2018. The Defendant does not object to the Motion. A fairness hearing was held on August 8, 2018. One objection and two

---

[1] The Parties Stipulated to change the lead Plaintiff for the Class and to change the name of the case. The case was formerly *J.V. v. Lyon* (Case Number: 17-cv-11184).

1

letters were received by the Court. One objector addressed the Court at the fairness hearing. The Court grants the Motion for Final Approval of Class Settlement. The letters and objection are addressed herein.

## II. STATEMENT OF FACTS

The Parties in their Joint Motion, set forth the following statement of facts:

On April 14, 2017, Plaintiff filed this putative class action in the United States District Court for the Eastern District of Michigan, Southern Division captioned *J.V. on behalf of herself and all others similarly situated v. Nick Lyon, in his official capacity only as executive director of the Michigan Department of Health and Human Services*, Case No.: 2:17-cv-11184- DPH-RSW (the "Action"). The complaint alleged that Defendant's current prior-authorization criteria for Hepatitis C treatment (the "MDHHS Prior Authorization Criteria") violates three separate provisions of the Medical Assistance Program, Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* by: (1) excluding qualified Medicaid recipients from "medically necessary" treatment as required by 42 U.S.C. § 1396a(a)(10)(A); (2) discriminating among similarly situated Medicaid recipients in violation of 42 U.S.C. § 1396a(a)(10)(B); and (3) failing to provide medically necessary treatment with "reasonable promptness" as required by 42 U.S.C. § 1396a(a)(8).

In or around October 2017, the parties began to discuss the possibility of settlement and agreed to resolve the matter through mediation. On January 17, 2018, Plaintiff's counsel, Defendant's counsel, and Defendant's corporate representatives participated in a formal mediation session with Magistrate Judge R. Steven Whalen. After several rounds of negotiations, the parties reached an agreement as to the principal terms of the Settlement Agreement, attached hereto as **Exhibit A**.

Defendant has denied and continues to deny the claims alleged in the Action. Defendant maintains that it has strong, meritorious defenses to the claims alleged in the Action and was prepared to fully defend the Action. Nonetheless, taking into account the uncertainty and risks inherent in litigation, Defendant has concluded that it is desirable and beneficial to Defendant that the Action be fully and finally settled

2

and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

Plaintiff believes that the claims asserted in the Action against Defendant have merit, and that Plaintiff would have ultimately been successful in certifying the proposed class under Fed. R. Civ. P. 23 and in prevailing on the merits at summary judgment or trial. Nonetheless, Plaintiff and Class Counsel recognize the expense and delay associated with continued prosecution of the Action against Defendant. Therefore, Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved pursuant to the terms and conditions set forth in the Settlement Agreement. The terms of the Settlement Agreement include but are not limited to the following:

- Defendant agrees to replace the MDDHS Prior Authorization Criteria and institute the Amended Prior Authorization Criteria to provide coverage for direct-acting antiviral treatment to all Eligible Michigan Medicaid beneficiaries diagnosed with chronic Hepatitis C.
- Defendant agrees to expand direct-acting antiviral treatment coverage to all Eligible Michigan Medicaid beneficiaries diagnosed with chronic Hepatitis C based on the following schedule:
  o Defendant will provide coverage for all eligible beneficiaries with a metavir fibrosis score of F-1 and above on October 1, 2018 and
  o Defendant will provide coverage for all beneficiaries with a metarvir fibrosis score of F-0 an above on October 1, 2019.
- The Amended Prior Authorization Criteria will include, but is not limited to, the following provisions:
  o The direct-acting antiviral medication must be prescribed by a gastroenterologist, hepatologist, liver transplant or infectious disease physician. If the prescribing provider is not one of the identified specialists noted, the prescriber must submit documentation of consultation/collaboration of the specific case with one of the aforementioned specialists which reflects discussion of the history and agreement with the plan of care with the date noted in the progress note.
  o Documentation of the patient's use of Illegal Drugs or abuse of alcohol must be noted (i.e., current abuse of IV drugs or alcohol or abuse within the past 6 months). The Michigan Department of Health and Human Services will consider this information for the sole purpose of optimizing treatment.
  o Documentation of the patient's commitment to the planned course of treatment and monitoring (including SVR 12) as well as patient education addressing ways to reduce the risks for reinfection

must be submitted.
- Defendant reserves the right to revise the Amended Prior Authorization Criteria and Claim Form to incorporate updated clinical recommendations or other best practices, consistent with this Agreement.
- Defendant agrees to provide coverage for direct-acting antiviral medications that are (i) approved by the U.S. Food and Drug Administration for the treatment of chronic Hepatitis C; (ii) have a federal Medicaid rebate; and (iii) are listed on Defendant's Preferred Drug List as preferred at the time the beneficiary is approved for treatment.
- If a direct-acting antiviral medication is no longer approved by the U.S. Food and Drug Administration for the treatment of chronic Hepatitis C or no longer on Defendant's Preferred Drug List, it will no longer be covered.

### III. CERTIFICATION OF CLASS

As to the motion for approval of class settlement, the following factors, for final approval, are considered. The Court must first find that the class is certified under Rule 23(a) of the Federal Rules of Civil Procedure.

**1.** *Numerosity*

A class may be certified only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no strict numerical test for determining impracticability of joinder. When class size reaches substantial proportions, however, the impracticability requirement is usually satisfied by the numbers alone. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Here, the parties agreed that, for purposes of settlement, joining even a fraction of the persons who meet the settlement class definition would be impractical. It is

4

estimated that 160,000 Michigan residents have chronic hepatitis C virus ("HCV"). According to the Parties, in 2016 alone, there were approximately 11,883 new reported cases of chronic HCV in Michigan. Thousands of Michigan residents enrolled in Medicaid will benefit from class certification. No one directly objected to the requirement for numerosity. One letter stated, "I do realize this is a step in the right direction even if it leaves very ill people out of receiving medication." (Doc # 41) No other argument was made in this letter.

The numerosity requirement under Fed. R. Civ. P. 23 is satisfied.

### 2. *Commonality*

A class may be certified only if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A court looks for "a common issue the resolution of which will advance the litigation." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). "Class relief is peculiarly appropriate when the issues involved are common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class." *In re Am. Med. Sys., Inc.,* 75 F.3d at 1080. The claim brought by Plaintiff or any putative class member requires the Court to determine whether the MDHHS Policy, which denies coverage of direct-acting antiviral medication ("DAAs") treatment based on metavir fibrosis score, violates the Medicaid Act. That essential question is common to all putative class members. The parties agreed that commonality was met for settlement

5

purposes. The Court finds that the questions of law and fact are common to the class.

### 3. *Typicality*

A class may be certified only if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Rule 23(a)(3) is satisfied if the representative's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 561 (6th Cir. 2007). Here, Plaintiff's claims and those of any putative class member arise from identical conduct by the MDHHS: the denial of certain Medicaid rights on the basis of metavir fibrosis score. All the claims are based on the same legal theory. The parties also agreed the typicality requirement has been met. Plaintiff has met the typicality requirement of Rule 23(a)(3).

### 4. *Adequacy*

A class may be certified only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet the requirements of Rule 23(a)(4), Plaintiffs must be part of the class and possess the same interest and suffer the same injury as the class members. A court "reviews the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." *Beattie,* 511

F.3d at 562-63. There did not appear to be conflict or antagonism between Plaintiff and the putative class members given the identical nature of their claims and injury. Plaintiff has a clear interest in the successful outcome of the lawsuit, seeking to eliminate the MDHHS Policy's fibrosis score restriction to obtain life-saving treatment. Plaintiff hired counsel who are skilled practitioners in this area. The adequacy factor has been met under Rule 23(a)(4).

### 5. *Rule 23(b)(2)*

In addition to satisfying Rule 23(a), a plaintiff seeking certification must satisfy one of the provisions of Rule 23(b). Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). Plaintiff seeks to enter an agreement that will invalidate the current MDHHS Policy, which will benefit all class members, and is not asking the Court to make individual determinations regarding the putative class members' medical needs. The Parties agreed that the class should be certified under Rule 23(b)(2).

Based on the above and the Parties' agreement, the Class is certified.

**IV. APPROVAL**

Pursuant to Fed. R. Civ. P. 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Federal policy favors settlement of class actions. *International Union United Auto., Aerospace and Agr. Implement Workers of American v. General Motors Corp.*, 497 F. 3d 615, 632 (6th Cir. 2007) ("And in view of the other factors we must consider—the federal policy favoring settlement of class actions . . . ."). This policy takes into account costs, delays and the risk of continued litigation that might overwhelm or delay any potential benefit to class members. Approval of class action settlements is left to "the sound discretion of the trial court." *In re U.S. Oil and Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992).

For final approval of a class action settlement, the district court is "limited to a determination of whether the terms proposed are fair and reasonable to those affected." *Steiner v. Fruehauf Corp.*, 121 F.R.D. 304, 305 (E.D. Mich. 1988). The Parties note that the settlement "provides Class Members with consideration within the range of approval, was negotiated at arm's length, and does not evidence unduly preferential treatment or other obvious deficiencies . . . ." (Doc # 27, Pg. 19) The Parties began their settlement discussion in October 2017, about five or six months after the Complaint was filed. In January 2018, the Parties engaged in formal

mediation with United States Magistrate Judge R. Steven Whalen, reaching agreement on principal terms after several negotiation sessions. Each side, Plaintiff and Defendant, believe their positions relative to the case have merit, but also find the settlement fair, reasonable and adequate to Plaintiff and in the best interest of all parties to resolve through settlement. Terms of Settlement, 3.1–3.6 of the Settlement Agreement, provide no unduly preferential treatment and is within the "range of reasonableness" required for approval.

The factors to be determined at the fairness hearing are: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, et al. v. General Motors Corp, et al.*, 497 F.3d 615, 631 (2007).

The Court, following the fairness hearing, finds there is no indication of fraud or collusion in this case. This case is complex, would be expensive to resolve through further litigation, and would be lengthier if continued through litigation. Although the Parties have not had extensive discovery in this matter, the Parties have the sufficient knowledge necessary to reach a resolution. Defendant does not concede he will not prevail on the merits but has agreed to the settlement taking into account the risks associated with this litigation. Plaintiff believes that the claims

9

asserted against Defendant have merit. However, Plaintiff recognizes that settlement would avoid the expense and delay associated with continuing this action against Defendant and provide a remedy for Plaintiff and class members.

The opinions of class counsel and class representative—based on the Settlement Agreement entered into by the Parties—show that they favor the Agreement and agree the terms are fair. The Court notes that it is in the public interest to resolve disputes amicably and to make sure all possible class participants were notified of the Settlement Agreement. All possible class participants were notified. Two letters were received by the Court, and were titled: (1) "Re: Member of Aaron V. Burrell of Dickinson Wright, PLLC Settlement" (Doc # 41); and (2) "Magistrate Judge R. Steven Whalen Regarding Court Case M.R. Lyon Settlement Case Number: 17-CV-11184." (Doc # 40) These two letters are generally favorable to approval of the class settlement, including praise for the Class Plaintiff bringing the action.

One objection was filed, "Class Member 60's Kirk Leaphart's Objections in Part to Class Action Settlement Agreement and Release." (Doc # 39) The sole objector to the class settlement ("Objector Leaphart") argues that the amount of attorneys' fees requested by Class Counsel is excessive. That objection is addressed in a separate order awarding attorneys' fees. Objector Leaphart also objects to the monetary incentive requested for the Class Representative. Class counsel requests

that the Class Representative be awarded $5,000.00 for the time and effort he expended to achieve this benefit for the Class as a whole. (Doc #37, p. 15) Objector Leaphart argues it is unfair to limit the award to the Class Representative and not make a similar award to the "three dozen of us class members" who previously sought the relief obtained in this litigation by unsuccessful administrative action. (Doc. #39)

The Sixth Circuit has never explicitly approved or disapproved of granting "incentive awards" to class representatives. *Hadix v. Johnson*, 322 F. 3d 895, 897 (6th Cir. 2003). However, courts "have stressed that incentive awards are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Id.* "[A]pplications for incentive awards are scrutinized carefully by courts" concerned that such awards might lead to class representatives compromising the interest of the class for their own personal gain. *Id.* Courts within the Sixth Circuit deciding whether to approve an incentive award for a class representative have considered the following factors:

> (1) the action taken by the Class Representatives to protect the interests of Class Members and others and whether these actions resulted in a substantial benefit to Class Members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the Class Representatives in pursuing the litigation.

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991). Incentive awards are normally approved in cases where a class representative recovers a common fund for the benefit of an entire class. *Hadix*, 322 F. 3d at 898. In this case, Defendant has approved an incentive award for the Class Representative.

The Court finds that the Class Representative has obtained a significant, potentially life-saving benefit, for the Class. Although there is no indication that the Class Representative assumed any financial risk, the Class Representative provided significant assistance to Class Counsel during this litigation, which spanned several months. Neither Objector Leaphart, nor any of the others he claims pursued administrative remedies, are in the same position as the Class Representative. Objector Leaphart has not demonstrated a basis for providing additional class members with an incentive award. Nor has he shown that the other persons who sought administrative remedies have made such requests. None of them have assisted in the litigation. Accordingly, Objector Leaphart's objection is denied.

Objector Leaphart also appears to suggest that the Court lacks jurisdiction because suing Defendant Nick Lyon, a state actor being sued in his official capacity, is the equivalent of suing the State of Michigan, which is not a person for purposes of Section 1983. It is well-established law, however, that "a state official sued in his official capacity, when sued for injunctive relief, would be a person under § 1983

because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 89 n.10 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). As Plaintiff sought prospective relief from, and not monetary damages against, Defendant Nick Lyon, Objector Leaphart's objection lacks merit and is denied.

Objector Leaphart expresses a concern relative to his ability to change health care insurance plans only once a year. Defendant contends that Objector Leaphart's concerns are beyond the scope of this action, and having reviewed the Complaint and filings in this matter, the Court agrees. Accordingly, Objector Leaphart's objection is denied.

Out of the over 1,200 individuals to receive the notice, only one objection was received by the Court. Of course one objection may have merit, but "[a] court should not withhold approval of a settlement merely because some class members object." *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Chrysler LLC*, No. 07-CV-14310, 2008 WL 2980046, at *29 (E.D. Mich. July 31, 2008); 7B Wright, et al., Federal Practice & Procedure § 1797.1 ("the fact that there is opposition does not necessitate disapproval of the settlement"). There is overwhelming class support for the Settlement.

It is also in the public interest for people to receive access to needed health care. The class members will substantially benefit from receiving access to a life-

saving treatment that could save them from succumbing to a potentially life-threatening disease.

The Court finds the settlement agreement is fair, reasonable, and adequate, as contemplated by Fed. R. Civ. P. 23(e)(2). The Court **GRANTS** approval of the Settlement Agreement.

## V. APPOINTMENT OF CLASS COUNSEL

As the Court determined in granting preliminary approval on May 29, 2018, Dickson Wright PLLC (the "Firm") has invested significant time and effort identifying, researching, and investigating the claims in this action. The Firm has developed a litigation strategy for Plaintiff and the putative class members, and negotiated the proposed Settlement Agreement. The Firm has been appointed as class counsel in other recent health care-related litigation before this Court, has experience handling class actions and other complex litigation, and has the resources to represent this class in this action. The Firm is qualified to be the class counsel in this litigation pursuant to Federal Rule of Civil Procedure 23(g).

## VII. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that this controversy is certified as a class action.

**IT IS FURTHER ORDERED** that notice was properly executed.

**IT IS FURTHER ORDERED** that the class certified is defined as the following:

> All individuals that are or will be enrolled in Michigan's Medicaid Program at the time this Order is entered; have been or will be diagnosed with a chronic infection of the Hepatitis C Virus; are 18 years of age or older; require, or in the future will require, treatment for Hepatitis C with direct-acting antiviral medication; and do not meet the Michigan Department of Health and Human Services' current treatment criteria, which restricts direct-acting antiviral treatment to individuals with a minimum metavir fibrosis score criteria of F-2.

**IT IS FURTHER ORDERED** that the named Plaintiff, M.R., is determined to be, and is found to be, a proper class representative to advance and protect the interests of the certified class pursuant to MCR 3.501.

**IT IS FURTHER ORDERED** that the law firm of Dickinson Wright is hereby appointed as the proper class counsel to advance and protect the interests of the Certified Class pursuant to MCR 3.501.

**IT IS FURTHER ORDERED** that Approval of the Parties' class action Settlement Agreement is **GRANTED**.

**IT IS FURTHER ORDERED** that the Notice of the proposed Settlement Agreement to Class members and Notice of the Fairness Hearing to Class members was properly executed as delineated in the Stipulated Order for Notice to the Putative Class (Exhibit C to Doc # 27 and Exhibits A–C therein).

**IT IS FURTHER ORDERED** that on September 21, 2018, the Parties will

mail notice of settlement approval and claim forms to class members.

**IT IS FURTHER ORDERED** that on October 1, 2018, Settlement Agreement terms will go into full effect.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: August 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager