# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

M.R., on behalf of himself and all others
similarly situated,

       Plaintiff,                     No. 2:17-cv-11184-DPH-RSW

v.                                     HON. DENISE PAGE HOOD
                                       MAG. R. STEVEN WHALEN

NICK LYON, in his official capacity
Only as Executive Director of the
MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

       Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

**I.    BACKGROUND:**

Currently before the Court is Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees"). (Doc # 37) The Class Plaintiff and Defendant Nick Lyon, in his official capacity only as the Executive Director of the Michigan Department of Health and Human Services ("MDHHS"), agree on the Motion for Attorneys' Fees. The proposed fee award can be found in Section 7 of the proposed Settlement Agreement, attached as Exhibit A to the Motion for Attorneys' Fees.

## II. ANALYSIS

Rule 23(h) of the Federal Rules of Civil Procedure states that a court "may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." A court awarding attorney's fees in a class action "must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved." *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993) (citation omitted). The two measures of fairness—for work done and results achieved—"can be in tension with each other." *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). The lodestar method of calculating fees adequately accounts for the work done while the percentage of fund method better reflects the results achieved. *Id.*

To calculate attorney's fees using the lodestar method, the court multiplies the number of hours "reasonably expended" working on the case by a "reasonable hourly rate." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir.1995). The court may adjust the "lodestar," within reason, to "reflect relevant considerations peculiar" to the litigation. *Adcock–Ladd v. Sec'y of Treasury,* 227 F.3d 343, 349 (6th Cir. 2000). In stark contrast, a court employs the percentage of fund method by determining a percentage of the settlement to award to class counsel. *Gascho, LLC*, 822 F.3d at 279.

"The district court must provide a clear statement of the reasoning used in adopting a particular methodology and the factors considered in arriving at the [attorney's] fee." *Rawlings*, 9 F.3d at 516. The Sixth Circuit has considered the following factors appropriate for articulating an adequate explanation:

> (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

*Gascho*, 822 F.3d at 280. A district court may find that an attorney's fee award is reasonable based solely on the lodestar method. *Id.* at 281. Once a court employs the lodestar method, the court has the option to cross-check the award using the percentage of the fund method. *Id.* at 282.

Class Counsel requests that this Court issue an award of $199,000.00 in attorneys' fees, as agreed upon in the preliminarily approved Settlement Agreement. (Doc # 37-2, p. 15, § 7) Class Counsel used the lodestar method to calculate the requested award, which the Court finds to be reasonable considering Class Counsel's efforts throughout this litigation and that a class fund will not be created under the terms of the Settlement Agreement. Class Plaintiff and Defendant Nick Lyon agree to the requested settlement award, and Defendant does not oppose this Motion. Under Fed. R. Civ. P. 23(h), the Court has the authority to

grant the requested attorneys' fees.

One Class Member, Mr. Kirk Leaphart ("Leaphart"), filed an Objection to the proposed settlement, arguing that the exclusive incentive award is unfair and that Class Counsel's request for attorneys' fees is excessive. (Doc # 39) Leaphart requests that each Class Member who filed, and was unsuccessful, in bringing administration action against Defendant's state agency for the relief sought in this litigation, also be granted an incentive award of $5,000. (*Id.*) Leaphart also proposes that the Settlement Agreement be changed to allow Class Members the opportunity to cancel enrollment with an insurer and enroll with another insurer at any time, instead of once per year. The Court addresses Leaphart's arguments regarding final approval of the Settlement Agreement and the incentive award in its Order Granting Final Approval of Class Settlement and Addressing Objections. [Dkt. No. 43].

For the purposes of the Motion for Attorneys' Fees, the Court considers only whether Class Counsel's requested attorneys' fee award is appropriate using the reasonableness factors employed in the Sixth Circuit.

First, the plaintiff class will receive a tremendous benefit from Class Counsel's work in this case. The Class Members are thousands of Medicaid-eligible individuals who are infected by that Hepatitis C Virus. These individuals are being denied FDA-approved breakthrough treatment. The result in this case

will provide plaintiff Class Members with potentially life-saving treatment. The value created supports the proposed attorneys' fees.

Second, the Court finds the requested amount of attorneys' fees reasonable considering that Class Counsel has spent more than 896.3 hours pursuing this litigation on behalf of the plaintiff Class, and Class Counsel requests a fee substantially lower than the Class Counsel would normally receive for the services provided in this case.[1]

Third, Class Counsel rendered services on a contingent fee basis. Considering the risk Class Counsel assumed and the benefit it has achieved on behalf of the Class, the requested attorneys' fees are reasonable.

Fourth, public policy supports approving Class Counsel's requested fees.

Fifth, this case involved certifying a class to afford plaintiff Class Member's statewide relief in a case involving numerous factually and legally complex issues.

Sixth, Class Counsel is skilled and knowledgeable in prosecuting class actions, and has negotiated and recovered millions of dollars in class actions throughout the United States. The requested fee award is the result of negotiations with defense counsel familiar with the case, the risks, and the amount of value obtained considering the nature of this action.

---

[1] The Court notes that, using the undisputed reasonable hours and rates listed in Exhibit B of the present Motion (Doc # 37-3), the Lodestar multiplier is .07293. Such a low Lodestar multiplier indicates that Class Counsel's requested award of attorney's fees is reasonable.

Based on the factors considered, the Court finds that Class Counsel's request for $199,000.00 in attorneys' fees is reasonable. The objection to the amount of attorneys' fees is DENIED.

## III. CONCLUSION

Accordingly, Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (Doc. # 37), having come to be heard before this Court, the Court having given the certified class an opportunity to comment and object, and it being fully apprised of the premises,

IT IS HEREBY ORDERED that Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs are entitled to attorney fees in the amount of one hundred ninety-nine thousand dollars ($199,000.00), which is inclusive of all costs and expenses incurred in the above-captioned matter.

IT IS FURTHER ORDERED that Plaintiffs' Class Representative, M.R., is entitled to an incentive award in the amount of five thousand dollars ($5,000.00).

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2018, by electronic and/or ordinary mail.

                               S/LaShawn R. Saulsberry
                               Case Manager